**Dated: January 28, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| SHAWNA KAY PORTER, ) | Case No. 13-10004-SAH |
| ) | Chapter 7 |
| Debtor. ) | |

### ORDER DENYING DEBTOR'S MOTION TO REOPEN CHAPTER 7 BANKRUPTCY AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 51]

On December 21, 2018, debtor Shawna Kay Porter ("Debtor") filed the Debtor's Motion to Reopen Chapter 7 Bankruptcy and Notice of Opportunity for Hearing [Doc. 51] (the "Motion"). Therein, Debtor requested that this Court reopen her bankruptcy case so that Debtor could receive her discharge.

However, on April 10, 2014, this Court entered the Journal Entry of Judgment [Doc. 25] in Adv. No. 13-01057 (the "Judgment") granting summary judgment in favor of Ginger Goddard, chapter 7 trustee ("Trustee"), and against Debtor (i) for a money judgment in the amount of $3,305.00, with interest until paid, and (ii) denying Debtor her discharge pursuant to 11 U.S.C. § 727(a)(2)(B). The Judgment was based upon the undisputed fact that Debtor failed to turnover to

...

Trustee the estate portion of the 2012 tax refunds in the amount of $3,305.00.  Debtor claims that she is now entitled to reopen her bankruptcy case in order "to allow her to receive her discharge." Motion, ¶ 3.  Although the Court has discretion whether to reopen a case, there is no abuse of discretion in a bankruptcy court's decision not to reopen a case if the reopening would not afford the moving party any relief.  Riazuddin v. Schindler Elevator Corp. (In re Riazuddin), 363 B.R. 177, 184 (10th Cir. BAP 2007) (citing In re Petroleum Prod. Mgmt. Inc., 282 B.R. 9, 15 (10th Cir. BAP 2002)).  Such is the case here.

While the Court is not informed of Debtor's legal basis for vacating the Judgment,[1] it suspects that the relevant authority would be Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure (applicable pursuant to Federal Rule of Bankruptcy Procedure 9024), which allow a Court to relieve a party from a final judgment if (i) the judgment has been satisfied, released or discharged, (ii) applying the judgment prospectively would no longer be equitable, or (iii) any other reason justifies such relief.  Debtor's only stated reason for presumably seeking to vacate the Judgment is that she has now repaid Trustee the $3,305.00 which she previously refused to turnover, notwithstanding the Court's entry of an order granting Trustee's motion for turnover pursuant to 11 U.S.C. § 542  [Doc. 19 entered on March 6, 2013].

However, vacating a judgment "is extraordinary relief and should only be granted in exceptional circumstances."  Zurich North America v. Matrix Service, Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000));

---

[1] In fact, the Court is not certain that Debtor intends to seek to vacate the Judgment if the case is reopened as the Motion simply states that she should be allowed to "receive" her discharge.  However, since the Judgment has been entered, and it denies Debtor her discharge, the Court cannot conceive of any other way for Debtor to receive her discharge other than by seeking to vacate the Judgment.

Welch v. UNUM Life Ins. Co., 649 F.Supp.2d 1220, 1222 (D. Kan. 2009) (citing Amoco Oil Co. v. U.S. E.P.A., 231 F.3d 694, 697 (10th Cir. 2000) (citing Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990))). The Court finds Debtor's subsequent payment of the Judgment as an entirely deficient justification for vacating the Judgment.

First, a judgment denying a debtor's discharge is a punitive sanction for failure to obey orders of the Court and obligations imposed by the Bankruptcy Code – here Debtor's obligation to turnover the estate portion of the 2012 tax refund. Debtor "fails to recognize that the denial or revocation of discharge is a remedy for a debtor's misconduct and, as such, is designed to deter it. The trustee is entitled to both the property in question and the revocation or denial of the debtor's discharge; not one or the other." Kleven v. Mrozinski (In re Mrozinski), 489 B.R. 818, 822 (Bankr. N.D. Ind. 2013) (citing In re Baber, 2007 WL 3113336 (Bankr. N.D. Okla. 2007); (In re Butler, 2004 WL 3127441 (Bankr. C.D. Ill. 2004); In re Thomas, 2011 WL 2193357 (Bankr. N.D. Ohio 2011); In re Jacobs, 2008 WL 4369273 (Bankr. D. Kan. 2008)).

Quite simply, a judgment denying or revoking a debtor's discharge falls outside the scope of judgments that can be satisfied under Rule 60(b)(5). In re Bench, 556 B.R. 500, 508 (Bankr. D. Utah 2016) (citing Mrozinski, 489 B.R. at 823; In re Jacobs, 2008 B.R. 4369273 *3); In re Christensen, 2015 WL 6125537 *3 (Bankr. W.D. N.Y 2015). This is so because:

> The rules which require a debtor to surrender property to the trustee and to cooperate with the trustee contemplate a certain degree of willingness. Fulfilling those obligations should not be like pulling teeth and a trustee should not be required to hound the debtor into doing so. In re Baker, 1990 WL 305559 *5 (Bankr. N.D. Ind. 1990). Yet, to grant the debtor's motion would encourage just that sort of reluctant behavior. It would encourage

3

>debtors to, in effect, play chicken when it comes to responding to the trustee's demands and to adopt a pattern of obdurate behavior which would test the trustee's seriousness in making them. To grant the debtor's motion because he has now done something he should have done months ago would encourage others to ignore the trustee's letters or informal requests, motions seeking turnover, the orders granting them, and adversary proceedings based upon those orders without much danger of jeopardy. After things had been pushed to the limit and the discharge denied or revoked, a debtor would need to do little more than come forward with belated compliance in the hopes that what had been denied would be restored. Such a ruling would undermine the deterrent effect § 727 is supposed to have and do nothing to improve the efficiency of the administration of bankruptcy estates. Accordingly, the court holds that a debtor who has had a discharge revoked or denied due to the failure to obey a court order is not entitled to have the discharge restored, through the use of Rule 60(b)(5), by coming forward with belated compliance. Accord, Thomas, 2011 WL 2193357; Jacobs, 2008 WL 4369273. Instead, the trustee is entitled to both compliance and denial or revocation of discharge.

Mrozinski, 489 B.R. at 822-23. See also Bench, 556 B.R. at 509 (citing Christensen, 2015 WL 6125537) ("requests to reinstate a discharge based upon delayed compliance [are] 'unpalatable and dangerous'"); Schoenmann v. Chen (In re Chen), 2015 WL 3612992 (Bankr. N.D. Ca. 2015). Thus, Rule 60(b)(5) will not afford Debtor any relief from the Judgment denying her discharge.

Similarly, should Debtor seek relief under Rule 60(b)(6), vacation would similarly be inappropriate thereunder. The connection between a debtor's right to a discharge and his or her faithful performance of the debtor's obligations under the Bankruptcy Code sufficiently explains why delayed satisfaction of Debtor's obligation to remit the tax refund to Trustee does not justify relief under Rule 60(b)(6). Mrozinski, 489 B.R. at 823. Moreover, relief under Rule 60(b)(6) can be granted only in extraordinary circumstances, which generally requires there to be an absence of fault by the moving party. Bench, 556 B.R. at 510. "'[I]t is not appropriate to

4

unleash the broad equitable power of Rule 60(b)(6) for the ''purpose of relieving a party from free, calculated and deliberate choices he has made.  A party remains under a duty to take legal steps to protect his own interests.''" Bench, 556 B.R. at 510 (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864, p. 359)).  Debtor was required to turnover the tax refund to Trustee, but elected not to do so, and compounded her problems by then taking no action to prevent the Judgment from being entered against her.  Debtor's belated actions in finally paying the Trustee, almost five years after entry of the Judgment, does not warrant vacation of the Judgment denying her discharge under Rule 60(b)(6).

      As the Court can discern no set of facts under which Debtor would be entitled to an order vacating the Judgment simply because she paid the amount due thereunder, no purpose will be served by reopening the bankruptcy case.  Therefore, cause does not exist to reopen the bankruptcy case and the Motion is denied.

      IT IS SO ORDERED.

# # #